IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE REAVES, JR. & SHERIDAN REAVES, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ILIJA KURESEVIC & ILINKA KURESEVIC d/b/a KIM XPRESS, | ) ) ) |
| Defendants / Third Party Plaintiffs | ) ) |
| vs. | ) ) |
| UPS GROUND FREIGHT, INC., ALL FREIGHT SYSTEMS, INC., & PIERRE CHARLES, | ) ) ) ) Case No. 12–cv–0161–MJR–DGW |
| Third Party Defendants. | ) ) |
| | ) |
| UPS GROUND FREIGHT, INC., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KIM XPRESS, ILIJA KURESEVIC, both individually and as agent of KIM XPRESS; & ALL FREIGHT SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**REAGAN, District Judge:**

   This case—set for trial in a little over two weeks—stems from a February 2010 multi-vehicle accident near Effingham, Illinois. According to the allegations, a tractor trailer (the "Kuresevic truck," driven by Ilija Kuresevic as agent of Ilinka Kuresevic, d/b/a Kim Xpress) slowed

1

down and/or stopped in the middle of Interstate 70. A second tractor trailer (the "Reaves truck," driven by George Reaves and owned by UPS Ground Freight, Inc.) struck the Kuresevic truck. Then a third tractor trailer (the "Charles truck," driven by Pierre Charles and owned by All Freight Systems, Inc.) struck both the Kuresevic truck and the Reaves truck. The accident has spawned over twenty claims, counterclaims, and third-party claims across three lawsuits, two of which (No. 12–cv–0880 and No. 12–cv–1297) were consolidated into this case.

But only the original claims—brought by George Reaves and his wife Sheridan against the Kuresevics—are at issue here. The Kuresevics have targeted the Reaves' Amended Complaint (Doc. 16) in a Motion for Partial Summary Judgment, which ripened on February 28, 2013. Specifically, the Kuresevics and Kim Xpress argue they are entitled to summary judgment on thirty-two discrete subparts in Paragraph 22 of the Amended Complaint. For the reasons explained below, the Kuresevics' Motion for Partial Summary Judgment (**Doc. 96**) is **DENIED IN PART and GRANTED IN PART.**

### PROCEDURAL HISTORY

The Reaves' Amended Complaint contains seven counts against seven different defendants (two of whom are no longer parties to the case). As pertinent here, the Reaves' suit against Ilija and Ilinka Kuresevic, as well as Kim Xpress, contain the following allegations (all of them lettered subparts to Paragraph 22, which begins on page 5 of the Amended Complaint):[1]

    f. Ilija Kuresevic operated his vehicle without adequate training and experience;

    g. Ilija Kuresevic failed to follow the rules and guidelines of the Federal Motor Carrier Safety Regulations;

    h. Ilija Kuresevic operated his vehicle for an excessive number of hours in violation of the Federal Motor Carrier Safety Regulations;

---

[1] In their motion, the Kuresevics change the Amended Complaint's enumeration such that such that Plaintiff's Subparagraph f is listed as Subparagraph E, Plaintiff's Subparagraph's g is listed as Subparagraph F, and so on. In assessing the merits of the Kuresevics' motion, the Court has accounted for the accidental shift in lettering; the subparagraphs listed here correspond with the Amended Complaint, not the Kuresevics' motion.

i. Ilija Kuresevic failed to have his vehicle properly safety inspected;

j. Ilija Kuresevic failed to properly maintain his vehicle;

k. Ilija Kuresevic's vehicle should have been taken out of service and should not have been operated on a roadway under any circumstances;

l. Ilija Kuresevic drove his vehicle while tired and/or fatigued;

m. Ilija Kuresevic operated a commercial motor vehicle and trailer with defective equipment;

n. Ilija Kuresevic operated a commercial motor vehicle with defective equipment in violation of the provisions of State and Federal Law;

o. Ilija Kuresevic operated a commercial motor vehicle and trailer with parts that were not maintained in a safe condition in violation of State and Federal Law;

p. Ilija Kuresevic failed to inspect the tractor trailer in violation of the provisions of Title 49, Code of Federal Regulations, § 396.3(a);

q. Ilija Kuresevic operated the tractor trailer when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, § 396.3(a)(1);

r. Ilija Kuresevic drove and operated a commercial motor vehicle in violation of the hours of service provision of Title 49, Code of Federal Regulations, §395.01 *et seq.*;

s. Ilija Kuresevic failed to comply with each and every Federal motor carrier safety regulation;

t. Ilija Kuresevic drove a commercial motor vehicle without first being satisfied that the commercial motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, § 396.13(a);

u. Ilija Kuresevic operated a commercial motor vehicle in such a condition as was likely to cause an accident in violation of provisions of Title 49, Code of Federal Regulations, § 396.7(a);

v. Ilinka Kuresevic d/b/a Kim Xpress was negligent in failing to make a reasonable inquiry as to its drivers' and motor carriers competence in supplying safe highway and motor vehicle equipment;

w. Defendants selected an incompetent and unfit driver;

x. Defendants used defective and unsafe equipment to haul their load;

y. Defendants failed to use safe equipment to haul a trailer;

z. Defendants hired and retained an unsafe and unqualified driver;

aa. Defendants used a defective and unsafe tractor;

bb. Defendants used a defective and unsafe trailer;

cc. Defendants entrusted their truck and trailer to an incompetent driver;

dd. Defendants entrusted their vehicle to a driver that they knew or should have known to be reckless, unqualified, unsafe and incompetent;

ee. Defendants failed to properly inspect and maintain the repair of the tractor and trailer;

ff. Defendants permitted their motor vehicle to be operated in a defectively maintained condition;

gg. Defendants permitted their motor vehicle to be operated in a dangerous and unsafe condition;

hh. Defendants failed to inspect, repair, or maintain the motor vehicle in violation of Title 49, Code of Federal Regulations, § 296.3;

ii. Defendants failed to keep their motor vehicle in a safe and proper operating condition in violation of Title 49, Code of Federal Regulations, §296.3(a)(1);

jj. Defendants permitted their motor vehicle to be operated in such condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, § 396.7(a);

kk. Defendant carrier had its operating authority revoked on several occasions including June 2, 2006; January 20, 2009; October 12, 2010; and November 15, 2010.

In support of their summary judgment motion, the Kuresevics (and Kim Xpress) filed over 200 pages of supplementary exhibits comprised of pleadings, deposition transcripts, expert reports, and discovery responses. Broadly, the Kuresevics argue the Reaves have produced no evidence that the allegations above proximately caused the February 2010 collision and/or George Reaves' injuries. The Reaves counter that issues of material fact remain.

## SUMMARY JUDGMENT STANDARD

Summary judgment, which is governed by FEDERAL RULE OF CIVIL PROCEDURE 56, is proper only if the admissible evidence considered as a whole shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).[2] The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party cannot rely on the pleadings, and must respond with specific facts. *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). *See also Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011) (**"When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings"**). A mere scintilla of evidence is insufficient: a party will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion. *Albiero*, 246 F.3d at 931–32. *See also Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (**"[S]ummary judgment is . . . the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events"**) (internal quotation marks omitted).

In other words, there is "no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Van Antwerp v. City of Peoria*, 627 F.3d 295, 297 (7th Cir. 2010). *Accord Anderson*, 477 U.S. at 248 (material fact is genuine if the evidence is

---

[2] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

such that a reasonable jury could return a verdict for the nonmoving party). In its examination of whether a material fact remains for trial, the Court's role is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

The Court therefore considers the facts in a light most favorable to the non-movants—here, the Reaves. *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). The Court adopts reasonable inferences and resolves doubts in their favor. *Id.*; *Nat'l Athletic Sportswear, Inc.*, 528 F.3d at 512. However, favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture. *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012).

## ANALYSIS

To prevail on a negligence claim under Illinois law, the plaintiff must establish that the defendant owed a duty of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach. *Johnson v. Wal-Mart Stores, Inc.*, 588 F.3d 439, 441 (7th Cir. 2009) (citing *Espinoza v. Elgin, Joliet & E. Ry. Co.*, 165 Ill. 2d 107, 649 N.E.2d 1323, 1326 (Ill. 1995)). A proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause. *Id.* (citing *Crumpton v. Walgreen Co.*, 375 Ill. App. 3d 73, 79, 871 N.E.2d 905, 910 (Ill. App. Ct. 2007). Whether proximate cause exists is ordinarily determined by the trier of fact. *Crumpton*, 375 Ill. App. at 79.

Though there are thirty-two discrete allegations targeted by the Kuresevics' summary judgment motion, each allegation survives summary judgment (or not) based on the general rule that "[c]redibility determinations, weighing evidence, and drawing legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The Court will therefore

approach the motion according to the classification advanced by the Kuresevics, who helpfully separate the targeted allegations into three groups: (1) alleged statutory and regulatory violations, (2) alleged failure to maintain the Kim Xpress tractor trailer, and (3) alleged negligent hiring / negligent entrustment by Kim Xpress.

### 1. Alleged Statutory & Regulatory Violations

Defendants argue they are entitled to judgment as a matter of law because no evidence of proximate cause connects alleged statutory and regulatory violations surrounding Ilija Kuresevic's inspection and operation of his truck with the February 2010 collision or Reaves' injuries. Their argument is unpersuasive.

The Kuresevics invoke only *Monaghan v. Dipaulo Constr. Co.*, a 1986 Illinois appellate court case, to support their position. In that case, part of a motorcycle accident was seen by a lone eyewitness. **Monaghan, 140 Ill. App. 3d 921, 922–25, 489 N.E.2d 409, 410–11 (Ill. App. Ct. 1986).** The driver, who had sued the builder of a nearby median for negligence, had no recollection of the accident, and the eyewitness (who only saw man and bike flying through the air) had no idea what caused the motorcycle to flip. *Id.* **at 922–23.** Summary judgment was granted for the builder of the median because seeing the rider "flying through the air in the area of the median strip" was insufficient to raise an inference that the rider actually hit the median. *Id.* **at 924.**

But here, though Reaves (who was rendered unconscious during the collision) has no memory of much of the incident, it is undisputed that his truck hit the Kuresevics' truck. At least one expert concluded the Kuresevics and Kim Xpress were violating several laws and regulations prior to the collision. According to Illinois law, such violations are *prima facie* evidence of negligence. **Bier v. Leanna Lakeside Property Ass'n, 305 Ill. App. 3d 45, 58, 711 N.E.2d 773, 783 (Ill. App. Ct. 1999).** That evidence may (or may not) lead a jury to conclude that the Reaves have *proven* negligence. Then, it—along with other evidence, including the undisputed fact that Reaves collided

7

with the Kuresevic truck—may (or may not) lead a jury to conclude that proximate cause between such negligence and Reaves' injuries exists. Those conclusions are not for the Court to decide on summary judgment. *See Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004) (abrogated on other grounds by *Spiegla II*, 481 F.3d at 966) ("Summary judgment is inappropriate when alternate inferences can be drawn from the available evidence.").

Summary judgment is therefore improper on the general issue of whether proximate cause exists between any alleged statutory violations by the Kuresevics and any harm that came to Reaves. The Kuresevics are, however entitled to judgment as a matter of law as to two subparagraphs: the Court **GRANTS in part** the instant motion as to Subparagraph s (a tremendously overbroad assertion that Ilija Kuresevic "failed to comply with each and every Federal motor carrier safety regulation,") and Subparagraph t (which is **MOOT** because it is simply a duplicate of subparagraph q). With those exceptions, the Court **DENIES** the instant motion **in part**: summary judgment shall not be granted on Subparagraphs g, h, n, o, p, q, r, gg, hh, ii, and jj.

### 2. Alleged Failure to Maintain the Kim Xpress Tractor Trailer

Defendants make a similar—and similarly unavailing—argument that the Reaves have generated no evidence of proximate cause between alleged failures to maintain the Kuresevic truck and Reaves' injuries. There is evidence on the record—to include a police report and an expert report—to allow a jury to infer that the Kuresevic truck was ill-maintained at the time of the collision. The undersigned judge cannot conclude here that the expert testimony, the police report, and the fact that the Reaves' truck struck the Kuresevics' does not support a reasonable inference of duty, breach, and causation. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 493 n.1 (7th Cir. 2010) (at summary judgment, if there is evidence on both sides of a factual question, "the non-movant gets the benefit of the doubt"); *Blood v. VH-1 Music First*, 668

F.3d 543, 549 (7th Cir. 2012) ("In Illinois . . . drawing the line for proximate cause is usually a task for the factfinder.").

The instant motion is therefore **DENIED IN PART**, as to Subparagraphs i, j, k, m, x, aa, bb, ee, and gg. Because subparagraphs y (a duplicate of x) and ff (a duplicate of aa and bb) are unnecessarily included in the Amended Complaint, the claims in them are moot, and the Court **GRANTS** summary judgment **IN PART** as to those two subparagraphs.

### 3. Alleged Negligent Hiring / Entrustment by Kim Xpress

The Kuresevics' final argument also focuses on a purported lack of proximate cause—this time stemming from the allegedly negligent hiring of / entrustment to Ilija Kuresevic as truck driver by Kim Xpress. The argument fails for the reasons articulated above. Summary judgment is therefore **DENIED in part** as to subparagraphs a, e, k, y, bb, and cc. Because the allegation in subparagraph v ("That Defendant was negligent in that he failed to make a reasonable inquiry as to its drivers' and motor carriers['] competence in supplying safe highway and motor vehicle equipment") is both unsupported by evidence and borders on the nonsensical, summary judgment as to that subparagraph is **GRANTED in part**.

## CONCLUSION

Denying summary judgment on the bulk of the targeted allegations does not, of course, put an end to the matter. Once the Plaintiff's case in chief has concluded, the Court can examine the evidence actually admitted in a Rule 50(a) motion for judgment as a matter of law. *See Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718–19 (7th Cir. 2003) ("**After trial, the merits should be judged in relation to the fully-developed record emerging from that trial …**") (internal citation and quotation marks omitted). At that point, the Court may conclude that the evidence presented to the jury is insufficient to sustain a verdict. But the Kuresevics' burden is different here: "a denial of summary judgment is a *prediction that the evidence will be* sufficient

to support a verdict in favor of the nonmovant"—a prediction made in light of inferences and facts construed in favor of the Reaves. *Houskins v. Sheahan*, 549 F.3d 480, 488 (7th Cir. 2008) (citing *Chemetall*, 320 F.3d at 718) (emphasis added).

The Court will be willing to revisit the sufficiency of the evidence at a later stage of the case, but for now, the Kuresevics' Motion for Partial Summary Judgment (**Doc. 96**) is **DENIED IN PART** as it pertains to Paragraph 22 of the Amended Complaint, Subparagraphs f through r, u, w, x, z through ee, and gg through jj. The Motion is **GRANTED IN PART** as it pertains to Subparagraphs s, t, v, y, and ff.

As an epilogue, the Court **DIRECTS** the Plaintiff, on or before Tuesday, April 16, 2013, to file a Second Amended Complaint that precisely comports with this order and the current state of the case, in which many of the original defendants have been dismissed due to settlement. Such an amendment will cause no prejudice to any party, and little extra work. Defendants shall file their amended answer on or before April 23, 2013. Both Plaintiff's Motion for Leave to File a Second Amended Complaint (**Doc. 178**) and the Kuresevics' Motion to Strike that motion (**Doc. 192**) are therefore **MOOT**.

IT IS SO ORDERED.

DATED: April 12, 2013

/s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**United States District Judge**