IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE REAVES, JR. and SHERIDAN REAVES, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No.: 12-cv-0161-MJR-DGW |
| ILIJA KURESEVIC and ILINKA KURESVIC ) D/B/A KIM XPRESS, ) ) | **DEFENDANT DEMANDS TRIAL BY JURY** |
| Defendants/Third Party Plaintiffs ) ) | |
| vs. ) ) | |
| UPS GROUND FREIGHT, ALL FREIGHT ) SYSTEM, PIERRE CHARLES, AMERICAN ) BUS SALES, LLC, and RAYMOND ) MORGAN SWEENEY ) ) | |
| Third Party Defendants. ) | |
| UPS GROUND FREIGHT, INC., ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 12-cv-0161-MJR-DGW |
| KIM XPRESS, and its driver, ILIJA ) KURESEVIC, both individually and as Agent ) of KIM EXPRESS and ALL FREIGHT ) SYSTEMS, INC., ) ) | **DEFENDANT DEMANDS TRIAL BY JURY** |
| Defendants. ) | |

## *SEPARATE ANSWER OF ILIJA KURESEVIC TO PLAINTIFFS' SECOND AMENDED COMPLAINT*

COMES NOW defendant Ilija Kuresevic, by and through counsel, and for his Answer to

Plaintiffs' Second Amended Complaint, states as follows:

## PARTIES

1. Denied, and defendant demands strict proof thereof.

2. Admit.

3. Denied Ilinka Kuresevic was or is a tractor-trailer driver or that Ilinka Kuresevic owned the truck in question. Admit Ilinka Kuresevic is a citizen of Texas.

4. Admit he was driving under the operating number of a common carrier, subject to the FMCS Regulations.

5. Admit he was driving under the operating number of a common carrier, subject to the FMCS Regulations.

## JURISDICTION AND VENUE

6. Admit.

7. Denied.

8. Admit as to diversity; denied as to amount in controversy.

9. Admit.

## COUNT I

10. Denied as to the type of vehicle; it was a 2000 Volvo Tractor, a 2002 Freightliner trailer.

11. Admit.

12. Admit.

13. Admit.

14. Denied.

15. Denied, including each subparagraph thereof.

16. Denied, including each subparagraph thereof.

17. Denied.

18. Denied.

19. Denied.

WHEREFORE, having fully answered Count I, defendant prays to be dismissed with his costs expended herein.

## COUNT II

20. Denied, and defendant demands strict proof thereof.

21. Denied.

WHEREFORE, having fully answered Count II, defendant prays to be dismissed with his costs expended herein.

## COUNT III

22. Admit.

23. Admit.

24. Denied, including each subparagraph thereof.

25. Denied, including each subparagraph thereof.

26. Denied.

27. Denied.

28. Denied.

WHEREFORE, having fully answered Count III, defendant prays to be dismissed with his costs expended herein.

## COUNT IV

29. Denied.

WHEREFORE, having fully answered Count IV, defendant prays to be dismissed with his costs expended herein.

## *AFFIRMATIVE DEFENSES*

30. Further answering, this defendant states that whatever injuries and damages the plaintiff sustained on the occasion in question, if any, were the direct, sole proximate cause of plaintiff George Reaves, Jr. in failing to exercise the appropriate standard of care in the operation of his motor vehicle in that he failed to keep a careful lookout, drove at a speed that was excessive and unreasonably dangerous under the circumstances that then and there existed, was following too closely, failed to take evasive action when he knew, or should have known, of the reasonable likelihood of a collision in such time to have taken evasive action, but failed to do so, failed to keep his vehicle under control, failed to pull his vehicle over onto the shoulder of the roadway, operated his vehicle without adequate training and experience, failed to follow the rules and guidelines of the Federal Motor Carrier Safety Regulations, operated his vehicle for an excessive number of hours in violation of the Federal Motor Carrier Safety Regulations, failed to have his vehicle properly safety inspected, failed to properly maintain his vehicle, the vehicle should have been taken out of service and should not have been operated on a roadway under any circumstances, drove his vehicle while tired and/or fatigued, operated a commercial motor vehicle and trailer with defective equipment, operated a commercial motor vehicle with defective equipment in violation of the provisions of State and Federal Law, operated a commercial motor vehicle and trailer with parts that were not maintained in a safe condition in violation of State and Federal Law, failed to inspect the tractor-trailer in violation of provisions of Title 49, Code of Federal Regulations §396.3(a), operated the tractor-trailer when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1), drove and operated a

4

commercial motor vehicle in violation of the hours of service provision of Title 49, Code of Federal Regulations, §395.01 et seq., drove a commercial motor vehicle without first being satisfied that the commercial motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a), operated a commercial motor vehicle in such a condition as was likely to cause an accident in violation of provisions of Title 49, Code of Federal Regulations, §396.7(a), used defective and unsafe equipment to haul his load, failed to use safe equipment to haul a trailer, used a defective and unsafe tractor, used a defective and unsafe trailer, failed to properly inspect and maintain the repair of the tractor and trailer, permitted his motor vehicle to be operated in a defectively maintained condition, permitted his motor vehicle to be operated in a dangerous and unsafe condition, failed to keep his motor vehicle in a safe and proper operating condition in violation of Title 49, Code of Federal Regulations, §296.3(a)(1), and permitted his motor vehicle to be operated in such condition was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a) and, thus and thereby, plaintiffs' claims are barred. Alternatively, plaintiffs' own fault is more than 50 percent of the proximate cause of the accident in question and, thus and thereby, pursuant to 735 ILCS 5/2-1116, plaintiffs' claims are barred. Alternatively, based on the fault of plaintiff George Reaves, Jr. as set forth herein, in the event that a finder of fact finds the fault of Mr. Reaves to be 50 percent or less, any recovery in favor of George Reaves, Jr. and Sheridan Reaves should be reduced in direct proportion to the fault of George Reaves, Jr. Further answering, under 735 ILCS 5/2-1117, if a finder of fact determines that this defendant's fault is less than 25 percent of the total fault

attributable for this accident and, thus, this defendant is only severally liable for any non-medical expenses.

31. Further answering, plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and Article I, Sections 2, 8, 10, 11, and 13 of the Illinois Constitution in the following particulars:

   A. Plaintiffs' claim for punitive damages violates the Fifth Amendment of the United States Constitution and Article I of the Illinois Constitution for the following reasons:

   i. The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

   ii. The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

   B. Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 8, and 13 of the Illinois Constitution because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

   C. Plaintiffs' claim for punitive damages violates the defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 13 of the Illinois Constitution because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right;

   D. Plaintiffs' claim for punitive damages violates the Eighth Amendment of the United States Constitution and Article I, Section 11 of the Illinois Constitution which guarantee that excessive fines shall not be imposed;

   E. Plaintiffs' claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Illinois Constitution for the following reasons:

i. The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

ii. Insofar as punitive damages are not measured against actual injury to the plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of the defendant's alleged egregious conduct;

iii. In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

iv. The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law; Further, there are inadequate standards and controls in place to prevent an award of punitive damages from becoming an arbitrary deprivation of property.

v. Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

vi. Despite a presence of adequate controls and standards for imposition and review of an award for punitive damages, Due Process is violated if the award of punitive damages is "grossly excessive" in relation to the State's interest in punishment and deterrence.

/s/ Steven J. Hughes
Steven J. Hughes   #6199595
Attorney for Defendants Kuresevic and Kim Xpress
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

**AFFIDAVIT OF SERVICE**

      I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 23rd day of April, 2013.

      Mr. John D. Anderson
      Attorney for Plaintiffs
      911 Washington Avenue, Suite 400
      St. Louis, Missouri 63101
      ja@hurthelp.net

      Mr. Brent Alan Sumner
      Attorney for Plaintiffs
      911 Washington Avenue, Suite 400
      St. Louis, Missouri 63101
      brent@sumnerlawgroup.com

      Mr. Ted L. Perryman
      Mr. John L. Walker
      Attorneys for All Freight and Pierre Charles
      1034 S. Brentwood Blvd., Suite 2100
      St. Louis, Missouri 63117
      tperryman@robertsperryman.com
      jlwalker@robertsperryman.com

      Ms. Jennifer R. Beegle
      Mr. Timothy J. Reed
      Attorneys for Plaintiff and Third Party Defendant UPS
      20 North Clark Street, Suite 2300
      Chicago, Illinois 60602
      jrb@m3rlaw.com
      tjr@m3rlaw.com

      Mr. Frank M. Bonifacic
      Attorney for Great West Casualty as subrogee of All Freight Systems, Inc.
      111 W. Washington Street, Suite 1750
      Chicago, IL 60602
      fbonifacic@aol.com

      Mr. Ransom P. Wuller
      Attorney for Great West Casualty as subrogee of All Freight Systems, Inc.
      115 West Washington Street
      P.O. Box 546

Belleville, Illinois 62222

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Steven J. Hughes

/watson
April 23, 2013